**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JESSICA DUBOSE,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**GOVERNMENT INSURANCE COMPANY, BENQUETTA WILLIAMS, DEMETRICE FREEMAN, and RYAN COTTINGHAM,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00239-TES** |

**ORDER OF DISMISSAL AS TO CERTAIN DEFENDANTS**

On September 16, 2026, the Court afforded pro se Plaintiff Jessica DeBose 14 days to show cause why her complaint against Government Insurance Company ("GEICO"), and three of its employees: Director Benquetta Williams, Manager Demetrice Freeman, and Senior Director Ryan Cottingham, should not be dismissed for her failure to comply with Federal Rule of Civil Procedure 4(m)'s 90-day service deadline. [Doc. 3]. For GEICO, Plaintiff filed an executed summons on September 22, 2026, and she voluntarily dismissed her claims against Defendant Cottingham on November 19, 2026.[1] [Doc. 4]; [Doc. 12, p. 1]; [Doc. 15]. GEICO filed its answer on October 20, 2026.

[1] Defendant Cottingham moved to dismiss Plaintiff's complaint against him for insufficient service of process and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(5) and 12(b)(6), respectively. [Doc. 1]; [Doc. 18]. However, given that Plaintiff voluntarily dismissed of her claims against him, his motion was due to be denied motion as moot. [Doc. 12, p. 1]; [Doc. 15].

[Doc. 7]. Thus, the only two named defendants who are subject to dismissal pursuant to Rule 4(m) are Defendants Williams and Freeman.

With respect to these two defendants, Plaintiff's show-cause deadline has long since expired on September 30, 2026, and the Court received nothing in response as of the date of this order. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), [three] days are added after the period would otherwise expire under Rule 6(a).").

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); [Doc. 3, p. 2]. As the Court previously explained, service of a complaint is a plaintiff's responsibility. [Doc. 3, p. 1 (citing Fed. R. Civ. P. 4(c)(1))]. Further, district courts are obligated to "extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to timely serve. Fed. R. Civ. P. 4(m)."Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007)).

Here, Plaintiff filed her complaint on June 12, 2026. [Doc. 1, p. 1 (stamp filed as received on "JUN12'26")]. Therefore, applying Rule 4(m)'s 90-day period, she had until September 10, 2026, to serve Defendants Williams and Freeman in accordance with the Federal Rules of Civil Procedure—with Rule 4(e) for serving an individual within a judicial district of the United States, to be specific. *See* [Doc. 3, pp. 2–3]. While courts must "give liberal construction to the pleadings of pro se litigants," pro se litigants are required to "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Despite the opportunity to show "good cause" for her failure to timely serve Defendants Williams and Freeman, Plaintiff offered no explanation. With Plaintiff having failed to demonstrate good cause for her failure to comply with Rule 4(m)'s 90-day service period and obligate the Court to extend the service deadline, the Court must also consider whether a permissive extension is warranted. "[A] district court's dismissal of a case under Rule 4(m) after finding that [a] plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'" *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (quoting *Lepone-Dempsey*, 476 F.3d at 1282).

In other words, "[e]ven [when] a district court finds that a plaintiff failed to show good cause, '[it] must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" *Rance*, 583 F.3d at 1286 (quoting *Lepone-Dempsey*, 476 F.3d at 1282). In determining whether a permissive extension is

warranted, courts look at the factors set forth in the advisory committee notes to Rule 4. *Horenkamp v. Vanwinkle and Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005). For example, "relief may be justified . . . if the applicable statute of limitations would bar the refiled action" or if the named defendant is "evading service or conceals a defect in attempted service." *Id.* (citation omitted). While even a without-prejudice dismissal would likely bar Plaintiff from refiling her lawsuit against Defendants Williams Freeman, a permissive extension is not warranted in this case for the following reasons.

To the first factor, the running of a statute of limitations does not in and of itself require district courts to extend time for service of process under Rule 4(m). *Lepone-Dempsey*, 476 F.3d at 1282. Rather, all that's required for courts is that they consider whether the statute of limitations would bar a particular plaintiff from asserting his or her claims in the future. *Id.* ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.").

Second, based on Plaintiff's response to Defendant Cottingham's motion to dismiss, she now understands that there's no individual liability for the employment discrimination statutes she relies on in her complaint. [Doc. 1, p. 3]. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), does not allow for liability against individuals. *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (holding, "relief

under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act"); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate."); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) ("We have held that individual employees are not subject to liability under . . . Title VII . . . ."). Similarly, the Americans with Disabilities Act, 42 U.S.C. §§ 12112 *et seq.* ("ADA"), doesn't allow for individual liability either. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [ADA] does not provide for individual liability, only for employer liability."); *Albra*, 490 F.3d at 830 ("In light of our construction of Title VII . . . we also have held that individual defendants are not amenable to private suit for violating the anti-discrimination provision of . . . the ADA."); *Fodor*, 506 F. App'x at 966 ("We have held that individual employees are not subject to liability under . . . the ADA."). And, like Title VII and the ADA, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"), does not countenance individual liability either. *Mason*, 82 F.3d at 1009. So, even if Plaintiff had properly served Defendants Williams and Freeman, her Title VII, ADA, and ADEA claims against them would have been quickly dismissed under Rule 12(b)(6).

Second, there is nothing to indicate that Defendants Williams and Freeman are evading service, and, more than that, it appears there hasn't been any service attempt on them at all. *See, e.g.*, [Doc. 4, p. 1 (indicating service attempt on Defendant

Cottingham)]; [Doc. 4-1, p. 1 (indicating service attempt on GEICO)]. After the Court informed Plaintiff of her service obligations under Rule 4, she made no effort to tell the Court how she would or how she tried to comply with those requirements with respect to Defendants Williams and Freeman. [Doc. 3, pp. 2–3]. In short, Plaintiff has not offered nor can the Court determine—based on the circumstances of this case—that there are "any other circumstances" that justify an extension to time to serve either Defendant Williams or Defendant Freeman. *Bilal*, 981 F.3d at 920. Accordingly, the Court **DISMISSES** Plaintiff's complaint **without prejudice** pursuant to Rule 4(m) against Defendants Williams and Freeman, and they may be **TERMINATED** from this lawsuit. Fed. R. Civ. P. 4(m). With that, GEICO is the only reaming defendant, and the caption of this case now reads: *Jessica DuBose v. Government Insurance Company*. Going forward, the parties should feel free to amend the caption on future filings.

**SO ORDERED**, this 19th day of November, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**